REQUESTED BY: Major General Stanley M. Heng Adjutant General, Nebraska Military Department
You have requested an opinion from this office as to whether any provision of state law prohibits you from remaining as the Adjutant General if you elect, after age 60, to draw federal reserve retired pay by retiring your state and federal commission as a major general and becoming a member of the federal Retired Reserve officer corps. Pursuant to 32 U.S.C. § 307 (1959 and Cum. Supp. 1996), as a commissioned officer in the Nebraska Army National Guard, you simultaneously serve, at the same rank, as an officer of the Army National Guard of the United States.[2]
[2] See Op. Neb. Att'y Gen. No. 96-039 (April 30, 1996) for a more complete discussion of the "federal recognition" practice.
Pertinent Provisions of Federal Law.
Under federal law, at age 60, a federal reserve officer first becomes eligible to receive retired pay. See 10 U.S.C. § 12731
(Cum. Supp. 1996); House Rep. No. 103-84, 103rd Congress, 1st Session p. 29 (1993) (Report on the "Reserve Officer Personnel Management Act," subsequently enacted by Pub.L. 103-337, Div. A, Title XVI). If the reserve officer has performed at least 20 years of creditable service, is at least 60 years of age, and satisfies other statutory criteria, then the reserve officer is entitled, upon application, to draw retirement pay.10 U.S.C. § 12731(a) (Cum. Supp. 1996). Once a reserve officer qualifies for and elects to receive retired pay, then he is no longer on active duty status. Rather, he is categorized as a member of the Retired Reserve. 10 U.S.C. § 10154 (Cum. Supp. 1996).
Regulations pertaining to the Army National Guard, issued by the U.S. Department of the Army, expressly authorize a state's Adjutant General to "be appointed and serve in that capacity without [f]ederal recognition." NGR(AR) 600-100, 11-3(a)(1) (1994). The regulations also specify that "[t]he appointment of an individual as [a state's Adjutant General], . . . and his or her tenure in office are governed by the laws of the State." NGR(AR) 600-100, 11-2(a) (1994). Therefore, while your ability to serve as Nebraska's Adjutant General, while in a Retired Reserve status is clearly authorized by federal law, we now examine whether applicable state law requirements would preclude your continued service as the Adjutant General while in a Retired Reserve status.
BACKGROUND
Pertinent State Law Provisions.
Article XIV, Section 1 of the Nebraska Constitution empowers the Legislature to "provide for the personnel, organization, and discipline of the militia of the state." Pursuant to that authority, the Legislature has enacted Nebraska's "Military Code," Neb. Rev. Stat. § 55-101 — § 55-180 (1993 and Cum. Supp. 1996). Applicable to this opinion are sections of the Military Code which provide as follows:
 The [Nebraska] Military Department shall consist of the Adjutant General in the grade of major general, . . . and such other personnel as may be necessary to comply with such tables of organization as are prescribed for this state by the laws or regulations of the United States.
Neb. Rev. Stat. § 55-120 (Cum. Supp. 1996). Another statute specifies that
 [t]he Adjutant General shall be appointed by the Governor from the commissioned officers of the National Guard of this state. Such Adjutant General shall have been a commissioned officer of the field or line in active service in the National Guard of this state for at least seven years, and shall have attained at least the grade of lieutenant colonel.
Neb. Rev. Stat. § 55-121 (1993). While the Military Code originally provided that the Adjutant General would hold his office at "the pleasure of the Governor," see 1917 Neb. Laws, c. 205, § 3 — § 4, p. 483-86, since 1921, the statute has established that the Adjutant General shall hold his office "until [he has] reached the age of sixty-four years unless retired prior to that time by reason of resignation, disability, or pursuant to applicable regulations issued by the Department of the Army or the Department of the Air Force." Neb. Rev. Stat. § 55-136 (1993); see also 1921 Neb. Laws, c. 234, §§ 1-2, p. 834-35 (original enactment of the current requirement).
DISCUSSION
In construing the state law provisions, we are mindful that the Legislature's intent in enacting the Military Code "is to conform to all constitutional acts and regulations of the United States affecting the same subjects, and [that] all acts of the State of Nebraska shall be construed to effect this purpose." Neb. Rev. Stat. § 55-103 (1993). We also construe together all of the statutes comprising the Military Code in order to ascertain their meaning. See Solar Motors, Inc. v. First Nat'lBank of Chadron, 249 Neb. 758, 545 N.W.2d 714 (1996). Given these principles, we find that the combination of § 55-120, § 55-121, and § 55-136 may be analyzed to reach two different conclusions, one which would allow the Adjutant General to serve in that office while a member of the Retired Reserve, and another conclusion which would mandate that the office of the Adjutant General be maintained by a commissioned officer on active duty status.
Emphasis would have to be provided to language contained in both § 55-120 and § 55-136 in order to conclude that the office of Adjutant General must be held by an active duty reserve officer. First, § 55-120 states that the Military Department shall consist, in part, of "the Adjutant General in the grade of major general. . . ." Further, § 55-136 indicates that the Adjutant General shall hold his position until reaching age 64 "unless retired prior to that time by reason of resignation, disability, or pursuant to applicable regulations issued by [counterpart federal agencies]." It might be argued that §55-120 requires the Adjutant General to be a major general in active status. Likewise, it could be argued that, pursuant to § 55-136, if the Adjutant General elects to retire from active service in accordance with the federal regulations discussed earlier in this opinion, then he has vacated his position as the Nebraska Adjutant General in addition to having retired from his active federal reserve office.
A contrary conclusion is reached by a different construction of the three state statutes. First, it could be asserted that § 55-120 merely provides that whoever holds the office of the Adjutant General will serve at the rank of Major General. Next, § 55-121 can be construed as setting forth the qualifications required of an officer before he may be appointed as the Adjutant General. The statute clearly does not state requirements of the office once the Governor has appointed the Adjutant General. What the statute does provide is that the office shall be held as provided in § 55-136. We have previously concluded that the appointment of an Adjutant General is "an appointment . . . for a period of years until the individual reaches the age of 64 as is provided in Neb. Rev. Stat. §55-136." Op. Neb. Att'y Gen. No. 42 at 2 (March 10, 1983).
Recognizing that the Military Code gives rise to two opposite conclusions regarding the question you have posed, we find the more legally sound construction of the statutes to allow the Adjutant General to retire his active status as an officer of the federal reserve and, thus, to be a member of the Retired Reserve, and, at the same time, maintain his status as the Adjutant General of the State of Nebraska. Our conclusion is based primarily on the principle that "[a]n office is a public station or employment, conferred by the appointment of government; and embraces the idea of tenure, duration, emolument and duties." Op. Neb. Att'y Gen. No. 96-039 at 3 (citing State ex rel. O'Connorv. Tusa, 130 Neb. 528, 265 N.W. 524 (1936)). Therefore, we cannot conclude that the Adjutant General vacates his position as a state officer unless state statutes expressly so provide. In reaching this conclusion, we note that our research found no court opinions directly addressing this question. We are aware of the fact that several Attorneys General have issued opinions[3]
on the issue; however, the conclusions in those opinions, while instructive in the structure of their analysis, are based on state statutes which differ markedly from the requirements found in Nebraska's Military Code.
Sincerely,
 DON STENBERG Attorney General
 Lauren L. Hill Assistant Attorney General
Approved by:
Don Stenberg
Attorney General
[3] See Op. Ark. Att'y Gen. No. 96-026 (March 13, 1996) (concluding that Arkansas statutes do not expressly require TAG to be federally recognized but do render an individual ineligible to hold that office upon reaching age 64); Op. Cal. Att'y Gen. No. 90-804 (May 2, 1991) (discussing appointment issues under California law); Op. La. Att'y Gen. No. 90-191 (November 1, 1990) (concluding that Louisiana statutes authorize an officer, who loses federal recognition or rank by law, to continue to serve as the Adjutant General); Op. Ohio Att'y Gen. No. 84-043 (July 31, 1984) (concluding that Ohio law requires that its general officers be federally recognized in order to be appointed to state office); 52 N.C. Op. Att'y Gen. 118 (June 28, 1983) (finding that North Carolina statutes expressly authorize either a retired or separated officer to serve as the Adjutant General).